IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : 3:24-CR-139 |
| | : (JUDGE MARIANI) |
| MOHAMMED ZEIDAN, | : |
| | : |
| Defendant. | : |

## ORDER

The background of this Order is as follows:

On May 23, 2025, this Court held a hearing in accordance with its Order of April 28, 2025 (Doc. 279) to address Defendant Mohammed Zeidan's request for new counsel and to determine whether, if no good cause existed to grant Defendant's request for new counsel, Defendant wished to proceed with his court-appointed counsel or requested leave to proceed *pro se*.

At the hearing, the Court detailed Defendant Zeidan's behavior with past and current counsel and repeated refusals to make a good faith effort to establish and maintain a working attorney-client relationship with his attorneys. The Court further noted that Defendant was currently represented by his fifth attorney; that the record reflected that he had been hostile with each of his attorneys; had threatened to file spurious complaints about several of his attorneys' legal representation; had been verbally abusive to at least one of his attorneys; had repeatedly attempted to force counsel to file motions which counsel had told him were without merit; and that, with the exception of his first attorney, he had refused

to even attempt to establish or maintain a working relationship with any of his attorneys, to cooperate with these attorneys or to meet with the attorneys; and that Defendant had also engaged in other conduct intended to delay the proceedings in his case.

Following the Court's recitation of Defendant Zeidan's past and current uncooperative and dilatory conduct with counsel, the Court found that the record clearly showed that no good cause existed to require Defendant's current attorney, Korey Leslie, to withdraw as counsel and to appoint a sixth lawyer for Defendant. Consistent with its Order of April 28, 2025 (Doc. 279), the Court therefore inquired whether Defendant wanted to continue to be represented by Attorney Leslie or wanted to proceed *pro se*. Defendant Zeidan repeatedly refused to answer the Court's question, however Defendant stated that he "would never relinquish [his] right to be appointed counsel [and that he] ha[s] a right to effective counsel". In light of Defendant's refusal to provide the Court with an unequivocal response, and to ensure Defendant's Sixth Amendment right to counsel, the Court ordered that Attorney Leslie continue as counsel for Defendant, including for purposes of the trial then-scheduled to commence on July 8, 2025. *Cf. Fischetti v. Johnson*, 384 F.3d 140, 146 (3d Cir. 2004) (Where court has made appropriate inquiries and has determined that a continuance for substitution of counsel is not warranted, court can then properly insist that defendant choose between representation by existing counsel and proceeding *pro se*; where defendant thereafter refuses to choose either to proceed with current counsel or to proceed alone, a Court's decision that defendant must proceed with current counsel is

"wholly supportable"); *id.* at 147 ("where the defendant chooses neither attorney representation nor self-representation, the default position for the court should be to mandate attorney representation. After all, while there are competing fundamental rights to counsel and to self-representation, 'it is representation by counsel that is the standard, not the exception.'") (quoting *Martinez v. Court of Appeal,* 528 U.S. 152, 161 (2000)).

Following the May 23, 2025, hearing, the Court issued an Order setting forth the afore-stated sequence of events and ordering that "Attorney Thomas Korey Leslie remains as counsel for Defendant Zeidan and Defendant will proceed in this action with Attorney Leslie." (Doc. 289). The Court's Order further stated:

> As this Court previously advised Defendant, "[a] defendant's right to counsel is not without limit and cannot be the justification for inordinate delay or manipulation of the appointment system," *Fischetti,* 384 F.3d at 145, (*see* Doc. 279, at 4). In *United States v. Goldberg,* the Third Circuit Court of Appeals recognized that a defendant can waive his constitutional right to counsel through "forfeiture" or "waiver by conduct", 67 F.3d 1092, 1101 (3d Cir. 1995). "'[A] true forfeiture' . . . 'require[s] extremely dilatory conduct' and 'can result regardless of whether the defendant has been warned about engaging in misconduct, and regardless of whether the defendant has been advised of the risks of proceeding *pro se,* as required by *Faretta.*' . . . Waiver by conduct is triggered by 'conduct less severe than sufficient to warrant a forfeiture' and still 'requires that a defendant be warned about the consequences of his conduct, including the risks of proceeding *pro se.*'" *United States v. Barkers-Woode,* -- F.4th --, 2025 WL 1319150, at *4 (3d Cir. 2025) (quoting *Goldberg,* 67 F.3d at 1101).
>
> At the hearing on May 23, 2025, and as set forth in this Order at pages 1-2, the Court detailed Defendant's repeated dilatory conduct and warned Defendant that his conduct may present the type of "extremely dilatory conduct" which gives rise to the forfeiture of his right to counsel. Defendant is again advised that this misconduct, should it continue, may result in a finding by this Court

3

> that Defendant has forfeited his right to counsel and Defendant would then be required to proceed *pro se* in this case, including at trial.

(*Id.* at 3 n.1).

At the time of the Court's May 23, 2025, Order, trial in this matter was scheduled to commence on July 8, 2025. However, immediately prior to jury selection on that day, Defendant and his counsel requested a final continuance of trial. Defendant Zeidan personally apologized to the Court and his counsel for his prior behavior and assured the Court that, if permitted a continuance of the trial date, he would endeavor to establish and maintain a working attorney-client relationship with Attorney Leslie. Over the objection of the Government, this Court granted Defendant's request and re-scheduled trial to commence on September 2, 2025 (*see* Doc. 312).

On August 21, 2025, the Court held a hearing to address Defendant's "Motion for Release, Pending Trial" (Doc. 318). At the hearing, Zeidan interrupted his counsel's presentation in support of his motion before the Court, instead demanding that his counsel withdraw and informing the Court that he was being subjected to ineffective assistance of counsel. Defendant Zeidan was belligerent, repeatedly raised his voice, and continuously interrupted his counsel, the Government, and the Court when they were attempting to speak. Throughout Zeidan's outbursts, Attorney Leslie detailed at length the steps that he has taken to prepare for trial, his attempts to communicate with Zeidan, and the discovery that has been provided to Defendant and that remains to be, and will be, provided to him. It being evident that no good cause existed to require Attorney Leslie to withdraw as counsel

4

and to appoint a sixth lawyer for Defendant Zeidan, the Court, as it did at the May 23, 2025 hearing, asked Zeidan if he wished to proceed *pro se* or to remain represented by Attorney Leslie. Defendant Zeidan did not answer this question, insisted that he was entitled to new counsel, and repeatedly informed the Court that he would not speak with, or otherwise communicate with, Attorney Leslie if he remained as his counsel.

This Court has advised Defendant both in hearings and in its Orders that his "right to counsel is not without limit and cannot be the justification for inordinate delay or manipulation of the appointment system," (*see e.g.* Docs. 279, 289) (quoting *Fischetti*, 384 F.3d at 145). Further, the Court has explained to Defendant that his constitutional right to counsel can be waived through "forfeiture" or "waiver by conduct". (Doc. 289, at n.1). As Defendant was previously informed, "'a true forfeiture' . . . 'require[s] extremely dilatory conduct' and 'can result regardless of whether the defendant has been warned about engaging in misconduct, and regardless of whether the defendant has been advised of the risks of proceeding *pro se*, as required by *Faretta*.'" *United States v. Barkers-Woode*, 136 F.4th 496, 503 (3d Cir. 2025) (quoting *Goldberg*, 67 F.3d at 1101). In the present action, since Defendant Zeidan was first indicted in 2023 in related criminal action 3:22-cr-72, this Court has attempted to balance the "competing fundamental rights to counsel and to self-representation" and provide Defendant with the standard right of representation by counsel, *see Martinez*, 528 U.S. at 161. The Court has made numerous attempts to provide Defendant Zeidan with counsel whom he deems suitable and has repeatedly warned

5

Defendant of the consequences of his continued refusals to establish and maintain a working relationship with counsel and his insistence on making unreasonable demands of counsel and of engaging in ongoing hostile and threatening conduct, all to no avail. Despite this Court's efforts, as the result of Defendant Zeidan's statements and actions at the August 21, 2025, hearing, it is evident that Defendant's conduct is the type of "extremely dilatory conduct" which gives rise to his forfeiture of counsel. Therefore, as this Court orally ordered at the August 21, 2025, hearing, Defendant Zeidan will be required to proceed *pro se* in this action.

**ACCORDINGLY, THIS 22ND DAY OF AUGUST**, Defendant Zeidan having forfeited his right to counsel, **IT IS HEREBY ORDERED THAT:**

1. Defendant Mohammed Zeidan shall proceed *pro se* in the above-captioned action.

2. Attorney Thomas Korey Leslie is **APPOINTED** as stand-by counsel to assist the defendant in all matters pertaining to the above-captioned action.[1]

---

[1] The Third Circuit has explained that "[e]ssentially, standby counsel has two purposes – to act as a safety net to insure that the litigant receives a fair hearing of his claims and to allow the trial to proceed without undue delays likely to arise when a layman presents his own case." *United States v. Bertoli*, 994 F.2d 1002, 1018-1019 (3d Cir. 1993). In *Bertoli*, the Circuit Court "identif[ied] at least four functions that standby counsel can serve", specifically, (1) to be "available if and when the accused requests help"; (2) to "be ready to step in if the accused wishes to terminate his own representation"; (3) to "explain and enforce the basic rules of courtroom protocol to the accused"; and (4) to help a defendant "overcome routine obstacles that may hinder effective pro se representation." *Id.* at 1019.

3. On or before **Monday, August 25, 2025**, The United States Marshal shall serve a copy of this Order on Defendant Zeidan at the Lackawanna County Prison.

_____
Robert D. Mariani
United States District Judge