IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL No. 3:24-CR-139 |
| | : | |
| v. | : | (JUDGE MARIANI) |
| | : | |
| MOHAMMED ZEIDAN, | : | |
| DEFENDANT | : | (ELECTRONICALLY FILED) |

## MOTION FOR MISTRIAL BASED ON HUNG JURY

AND NOW, comes the Defendant, Mohammed Ziedan, by and through court-appointed counsel, Korey Leslie, Esquire, and respectfully moves this Court to declare a mistrial on the basis of a hung jury. In support thereof, Defendant states as follows:

1. Trial in the above-captioned matter commenced on Tuesday, September 2, 2025, before this Honorable Court. On Thursday, September 4, 2025, the jury began its deliberations at approximately 5:50 p.m.

2. After roughly one (1) hour of deliberating, the jury sent a note to the Court asking to remove Juror No. 7 as the foreperson of the jury. The Court, in a written response, indicated selecting a new foreperson was permitted.

3. Shortly after the first written question to the court, the jury submitted an additional question wherein 11 members of the jury panel requested to

have Juror No. 7 removed from the jury and replaced with an alternate juror.

4. Juror No. 7 was examined on the record outside the presence of the other jury members following his own request to be removed from the jury panel. It was clear from the examination of Juror No. 7 by the Court and counsel for the parties that Juror No. 7 believed that the Defendant was Not Guilty of the charges brought against him in the Indictment but that he believed he could no longer be "fair and impartial" because he was "standing in the way of justice".

5. The Court also examined the jury foreperson – juror number unknown – about Juror No. 7's conduct. It was clear from the foreperson's testimony that Juror No. 7 was examining evidence in the possession of the jury panel independent of the other jurors and was not following the "process" that the other jury members believed the Court had set forth for them in the jury instructions. The foreperson testified that Juror No. 7 was not engaging in productive deliberations.

6. A criminal verdict in federal court must be unanimous. See Fed. R. Crim. P. 31(a). Where unanimity cannot be achieved, the jury is deemed hung, and a mistrial is warranted under the doctrine of manifest necessity. See United States v. Perez, 22 U.S. 579 (1824).

7.     The Defendant avers that it is clear that Juror No. 7 was amazed that his view of the Defendant's guilt, or lack thereof, was not shared by the other members of the sworn jury panel.  While testifying in court he manifested physical responses demonstrating his discomfort with remaining on the jury despite being offered a break for the day with an opportunity to return the following morning to resume deliberations. As such, it is logically sound to assume that Juror No. 7 was not going to surrender his honest opinion but for the psychological pressure he felt that caused him to request removal from the panel to prevent his "standing in the way of justice" because he could not be "fair and impartial".

8.     The Defendant argues that the appropriate remedy in this instance should be declaring a mistrial based on Juror No. 7's responses that would indicate that the jury, as originally empaneled, would not have been able to reach a unanimous verdict on any of the counts charged in the Indictment.

9.     The Third Circuit has drawn a critical distinction between removal of a juror for incapacity or bias versus removal based on their view of the merits of the case. In United States v. Vega, 285 F.3d 256 (3d Cir. 2002), the court held that a juror may be removed during deliberations only if there is 'no reasonable possibility that the request to discharge stems from the juror's views on the merits.' Id. at 265. Vega emphasizes the risk of

coercion and the protection of the defendant's Sixth Amendment right to a unanimous verdict. Similarly, in United States v. Kemp, 500 F.3d 257 (3d Cir. 2007), the court upheld removal of a juror who refused to deliberate, distinguishing that from a juror merely holding a different view of the evidence. The court stressed the importance of a careful factual record to ensure the removal was unrelated to the juror's vote on guilt or innocence.

10. Here, a mistrial is warranted because Juror No. 7 surrendered an honest belief of Not Guilty as it pertains to the ultimate question to be answered by the jury. It is argued that his additional statements that he did not want to stand in the way of justice and could not be fair and impartial were indications that he could not be fair and impartial to the Government based on his stated belief of the evidence.

11. It is clear from the record before the Court that Juror No. 7 was not likely to surrender his belief that the Defendant was Not Guilty as charged and that his removal for indicating that he could not be fair and impartial stems from his views on the merits of the case and, thus, warrants the granting of a mistrial.

12. The Government opposes the requested relief being granted.

WHEREFORE, Defendant, Mohammed Zeidan, respectfully requests that this Court declare a mistrial based on manifest necessity.

Respectfully Submitted,

By: *Korey Leslie, Esquire*
Korey Leslie, Esquire
PA BAR ID No. 90866
Korey Leslie, Attorney-At-Law, LLC
160 East Market Street
York, PA  17401
Phone: (717) 845-5353
Fax: (717) 845-5005
Email: korey@koreyleslie.com

Date:  September 4, 2025