UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : No. 3:24-CR-139 |
| v. | : |
| | : (Judge Mariani) |
| MOHAMMED ZEIDAN, | : |
| Defendant. | : |

## GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR MISTRIAL BASED ON HUNG JURY

I.  Introduction

On September 4, 2025, the jury was charged in the above-captioned case after a 3-day presentation of evidence. Shortly after deliberating, the jurors sent a signed note to the Court asking two questions, in sum: whether they could replace the jury foreperson and if they could access their phones to let their family members know that they may be late. The note also alleged juror misconduct against the jury foreperson, later identified as Juror #7, including name-calling against the other jurors, and that Juror #7 was not following the judge's instructions.

After reading the notes to both parties, including the defendant, the Court directed that the cellular phones would be made available to the jurors in order for them to contact their family members. The Court

also wrote, in sum and substance, that the jurors could elect a new foreperson if they so desired.

Shortly thereafter, the jurors sent a new note, signed by all eleven jurors but for Juror #7, requesting that Juror #7 be removed. As the parties were in the Courtroom, the jurors also yelled, from the deliberation room, for immediate U.S. Marshal assistance, claiming that there was a medical emergency for Juror #7. A U.S. Marshal entered the jury deliberation room and encountered Juror #7 who refused medical treatment and said he was fine. [1]

After asking both parties, and in the presence of the defendant, for their opinions, the Judge conducted a *voir dire* of Juror #7, on the record and in front of both parties. During that questioning, Juror #7 claimed that he was unable to continue and asked to be taken off the jury. Juror #7 further claimed that he had insulted the other jurors and he apologized. Juror #7 further claimed that he was overwhelmed when the other voters were 11-1 against his view that the defendant was not guilty. Juror #7 further claimed that because he was overwhelmed, he

---

[1] The factual basis of this encounter is based off the best recollection of the Counsel for the Government, a transcript of the proceeding is not yet available to the parties.

could not make a decision and that he wanted to be off the jury. Upon further questioning from the court, Juror #7 unequivocally stated that he could no longer be fair and impartial.

The Court allowed both parties to further *voir dire* any juror they so desired. The new jury foreperson was called out from the deliberation room and a *voir dire* was conducted before both parties. In that *voir dire,* the new jury foreperson claimed, among other issues, that Juror #7 had insulted the other jurors, that he was popping pills, and that he was focused on evidence that was not elicited during trial, namely how Juror #7 felt that certain electronic evidence had been manipulated.

After oral argument, in which both parties agreed Juror #7 should be removed, the Court instructed the court reporter to read back certain sections of Juror #7's statement. Upon reviewing Juror #7's unequivocal statement that he could no longer be fair and impartial, the Court stated, in sum and substance, "That's enough for me."

The Court dismissed Juror #7 and replaced him with Alternate Juror #1. The Court then instructed the jurors that they must begin their deliberations anew in the morning with the replaced juror.

No juror statement or jury note stated that the jury was deadlocked or that the jurors were unable to come to a unanimous decision in the case. At the time of this Brief in Opposition, the jury deliberations continue.

## II. Argument

Under Federal Rule of Criminal Procedure 23(b)(3), a trial court can dismiss a juror after deliberations have begun if the court finds good cause to dismiss. All courts who have examined the meaning of good cause, "agree that it would be constitutional to remove a juror who is misbehaving, ill, or otherwise unable to deliberate." *Wofford v. Woods*, 939 F.3d 685, 716 (6th Cir. 2020).

In *United States v Kemp*, the Third Circuit found that:

> "courts agree that a district court has the authority to dismiss a juror—even during deliberations—if "that juror refuses to apply the law or to follow the court's instructions." *United States v. Abbell*, 271 F.3d 1286, 1302 (11th Cir. 2001) (*per curiam*). That is because "a juror who refuses to deliberate or who commits jury nullification violates the sworn jury oath and prevents the jury from fulfilling its constitutional role." United States v. *Boone*, 458 F.3d 321, 329 (3d Cir. 2006). While the jurisprudence discussing the discharge of jurors during deliberations has largely focused on a refusal to deliberate or jury nullification, its reasoning applies with equal force to claims of juror bias. *Cf. Gov't of V.I. v. Dowling*, 814 F.2d 134, 139 (3d

4

> Cir.1987) ("The trial court's finding [of whether a juror is biased] is a finding of 'historical fact: did a juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed.'") (quoting *Patton v. Yount*, 467 U.S. 1025, 1036, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984)).

*Kemp*, 500 F.3d 257, 303 (3d Cir. 2007).

In *United States v. Vega*, the Third Circuit found that the District Court acted appropriately when it conducted a *voir dire* with a juror who claimed and third-party communication from trial bystander. The Juror was found that he could continue as a fair and impartial juror, and therefore the Judge did not abuse its discretion in allowing the juror to stay.

Here, the Court found good cause to dismiss Juror #7 because that Juror had ceased to perform the proper role of a juror when he stated that he can no longer be fair and impartial. By acknowledging his inability to perform the proper role of a juror, namely fairness and impartiality, Juror #7 admitted to an improper bias, and he has therefore violated his sworn jury oath and his continued involvement in the case would prevent the jury from fulfilling its constitutional duty.

Therefore, the Court acted appropriately in its dismissal of Juror #7 and in the replacement of Juror #7 with Alternate Juror #1.

Additionally, no jurors, including Juror #7, stated that their positions about the merits of the case could not change or develop during further deliberations. In fact, Juror #7 stated that he could no longer make a decision because he felt he was overwhelmed. Therefore, there is no evidence that the jury is hung.

## III. Conclusion

For the reasons stated above, the United States respectfully requests that the Court deny the defendant's motion for a mistrial

September 5, 2024,                     Respectfully submitted,

                                      JOHN C. GURGANUS
                                      Acting United States Attorney

                           By:   /s/ James M. Buchanan
                                 JAMES M. BUCHANAN
                                 Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:24-CR-139 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| MOHAMMED ZEIDAN, | : | |
| | : | |
| Defendants. | : | Filed Electronically |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on September 5, 2025, she served a copy of the attached:

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR MISTRIAL BASED ON HUNG JURY

by ECF upon:

Korey Leslie, Esq.
Attorney for Defendant Mohammed Zeidan


/s/ Stephanie Kakareka
STEPHANIE KAKAREKA
Legal Administrative Specialist

7